**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUAN VILLA-LOPEZ, | : | Civil Action No. 06-3050 (JBS) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| ATTORNEY GENERAL OF THE UNITED STATES, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner pro se  
Juan Villa-Lopez  
Unit 5751  
FCI Fort Dix - East  
P.O. Box 2000  
Fort Dix, NJ 08640

Counsel for Respondent  
Paul A. Blaine  
Assistant U.S. Attorney  
401 Market Street  
4th Floor  
Camden, NJ 08101

**SIMANDLE**, District Judge

Petitioner Juan Villa-Lopez, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] challenging a final order of removal.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.   BACKGROUND

On July 21, 1989, an immigration judge in Milwaukee, Wisconsin, found Petitioner deportable, but granted his request for a waiver under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h).  The government appealed and, on June 4, 1991, the Board of Immigration Appeals reversed the decision of the immigration judge and ordered Petitioner deported to Mexico.  Thereafter, Petitioner was deported to Mexico.

Petitioner is now serving a 60-month sentence for illegal re-entry in violation of 8 U.S.C. § 1326.  See United States v. Villa-Lopez, 02-cr-0280 (E.D. Wisc.).

Petitioner brings this § 2241 habeas petition to challenge the 1991 final order of deportation.  Petitioner asserts that he was deprived of due process because he was never served with the government's notice of appeal, he was thus precluded from participating in the appeal, and he was never served with the BIA's final order of deportation.

By Order [3] entered August 4, 2006, this Court found that the REAL ID Act of 2005 deprived it of jurisdiction to entertain this Petition and directed the parties to show cause why the Petition should not be transferred to the U.S. Court of Appeals for the Seventh Circuit pursuant to 8 U.S.C. § 1252(b)(2) and 28 U.S.C. § 1631.

Respondents have answered that the Petition should not be transferred because, as an untimely petition, it would not be "in the interest of justice" to transfer it.  Petitioner disputes that this Court lacks jurisdiction and opposes transfer.  This matter is now ready for disposition.

## II.  ANALYSIS

Pursuant to Section 106(a)(5) of the REAL ID Act of 2005, district courts no longer have jurisdiction to entertain § 2241 habeas petitions challenging final orders of removal.  Such challenges now must be asserted through a petition for review filed in the appropriate U.S. Court of Appeals.  See 8 U.S.C. § 1252(a), (b).

The applicable venue provision, 8 U.S.C. § 1252(b)(2), provides that a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."  As the proceedings here were completed in Milwaukee, Wisconsin, the appropriate court would be the Court of Appeals for the Seventh Circuit.

Pursuant to 28 U.S.C. § 1631,

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually

>filed in or noticed for the court from which it is transferred.

Thus, this Court must determine whether it would be in the interest of justice to construe this Petition as a petition for review and to transfer it to the Court of Appeals for the Seventh Circuit.

A petition for review must be filed within 30 days after the final order of removal.  8 U.S.C. § 1252(b)(1).  "The time period for filing a petition for review is an emphatic time prescription that is not subject to equitable tolling, and our duty to dismiss untimely claims is mandatory where the Attorney General objects on the basis of untimeliness."  Encarnacion-Mendez v. Attorney General of U.S., 176 Fed.Appx. 251, 254, 2006 WL 1004386 (3d Cir. 2006) (citing Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 405 (1995), as modified by Eberhart v. United States, 126 S.Ct. 403, 406-07 (2005)).

Moreover, it is clear that the Court of Appeals for the Seventh Circuit will only dismiss such an untimely petition transferred to it.  See Chen v. Gonzales, 435 F.3d 788 (7th Cir. 2006).  Accordingly, it does not appear to be in the interest of justice to transfer this Petition.  It will be dismissed for lack of jurisdiction.

III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction.  An appropriate order follows.

　　　　　　　　　　　　　　　　　　　　 s/ Jerome B. Simandle
　　　　　　　　　　　　　　　　　　　　Jerome B. Simandle
　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:  **October 13, 2006**